[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16738
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00157-CR-BE-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HELENA VICTORIA ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(September 30, 2005)**

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Helena Victoria Anderson appeals her convictions, pursuant to a jury

verdict, for theft of U.S. postal money order forms, in violation of 18 U.S.C. § 500.

Anderson, a former U.S. Postmaster "relief person" whose duties included selling money orders, was charged, by superseding indictment, with 61 counts of stealing and converting to her own use U.S. postal money order forms. Following Anderson's motion for judgment of acquittal, the district court dismissed five counts. Two counts were dismissed by oral motion by the government. On the remaining counts, the jury found Anderson guilty as to Counts 1-2, 4-6, 8-16, 18-19, 21, 23-26, 31, 42-43, 47, and 50-52, and acquitted her on Counts 7, 17, 20, 22, 27, 30, 32, 35-39, 41, 44-46, 48-49, and 54-61.

On appeal, Anderson argues (1) that the jury improperly returned a compromised verdict because the government's evidence as to each count alleged in the indictment was the same, and (2) that because the government failed to establish which of the 59 money orders she paid for, the district court should have granted her motion for judgment of acquittal as to all counts. After thorough review of the record and careful consideration of the parties' briefs, we affirm.

We review the denial of a motion for a judgment of acquittal de novo. United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001). "To uphold the denial of a motion for judgment of acquittal, we need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." Id. (internal quotations and citation omitted).

When considering the sufficiency of the evidence, we view "the facts and draw all reasonable inferences therefrom in the light most favorable to the government." Id. (internal quotations and citation omitted).

To establish the crime of money-order theft or conversion, the government must demonstrate that a defendant embezzled, stole, or, without the authority of the United States, knowingly converted to her own use blank money order forms provided under the authority of the U.S. Postal Service. See 18 U.S.C. § 500. At Anderson's trial, the government presented testimony that an employee, in a "money kiting" operation, will issue out-of-sequence money orders to herself and hide daily activity reports. One of Anderson's supervisors testified that: (1) Anderson had sold money orders out-of-sequence; and (2) Anderson admitted that she had taken post office documents home. Postal Inspector Irving Wilbert, who performs audits and financial investigations of postal employees, further testified that (1) during an audit, he discovered that Anderson's cash drawer was short $939.59; (2) during a subsequent meeting, in which Anderson admitted that she had "kited" money orders, Anderson gave him $207 in cash, but did not provide him with an explanation of how she ended up with this money; (3) several of the money orders were cashed for a greater amount than Anderson reported as being sold; (4) many of the money orders were cashed before Anderson reported their

3

issuance on her daily activity report; (5) most of the money orders contained information that directly related to Anderson; and (6) Anderson admitted that she had issued all of the money orders to herself without paying for them at the time of issuance.

Taking the facts in the light most favorable to the jury's verdict, we are satisfied the government presented ample evidence from which a reasonable finder of fact could conclude that the evidence established Anderson's guilt on some of the counts, but not others, beyond a reasonable doubt. The district court did not err by denying Anderson's motion for judgment of acquittal with respect to some of the counts.

As for Anderson's argument that the jury returned a "compromise verdict," it is well-settled that a defendant convicted by a jury on one count cannot attack his conviction as inconsistent with a verdict of acquittal on another count. See United States v. Powell, 469 U.S. 57, 68-69, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984) (holding that jury verdicts are "insulate[d] from review" on the ground that they are inconsistent); Dunn v. United States, 284 U.S. 390, 393, 52 S. Ct. 189, 76 L. Ed. 356 (1932) ("Consistency in the verdict is not necessary. . . .The most that can be said [of an inconsistent verdict] is that the verdict shows that either in the acquittal or the convictions the jury did not speak their real conclusions, but that

4

does not show that they were not convinced of the defendant's guilt."). If a guilty verdict is supported by sufficient evidence, the conviction is proper, even if the verdict is inconsistent. United States v. Mitchell, 146 F.3d 1338, 1345 (11th Cir. 1998). As we have already concluded, the evidence was sufficient to establish Anderson's guilt, beyond a reasonable doubt, on the counts of conviction. Accordingly, we are unpersuaded by her argument that the jury returned a compromise verdict.

**AFFIRMED.**